EL PUEBLO, DEMANDANTE Y APELADO, *v.* AGUILAR, ACUSADO Y APELANTE.

Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 634.—Resuelto en noviembre 13, 1913.

ACOMETIMIENTO Y AGRESIÓN CON CIRCUNSTANCIAS AGRAVANTES—REQUISITOS— AGRESIÓN POR UN ADULTO A UN ANCIANO.—En una denuncia por acometimiento y agresión con circunstancias agravantes fundada en el párrafo 4 del artículo 6 de la ley de marzo 10, 1904, no es bastante alegar que el

agresor es un varón adulto y el agredido un anciano de 60 años, sino que debe alegarse que el agresor es una persona de constitución robusta y el agredido un anciano decrépito.

ID.—AGRESIÓN CON UN PARAGUAS—ARMA MORTÍFERA.—No estando comprendido un paraguas como tal dentro de la clasificación de foete, azote o bastón, ni de arma mortífera en el sentido en que estas palabras se usan en los párrafos 6 y 8 de la sección 6 de la ley de marzo 10, 1904, no cabe declarar como grave un acometimiento y agresión meramente por haber sido cometido por medio de un paraguas.

ID.—EMPLEO DE MEDIOS PARA INFERIR GRAVES HERIDAS CORPORALES—AGRESIÓN CON UN PARAGUAS.—El uso de un paraguas, en un acometimiento y agresión no puede considerarse como una circunstancia para calificar el delito de acometimiento y agresión con circunstancias agravantes dentro de las disposiciones del párrafo 9 de la sección 6 de la ley de marzo 10, 1904, pues tal uso de un paraguas no implica la intención premeditada y el empleo de medios que se calculan que han de producir graves heridas corporales.

ID.—ACOMETIMIENTO Y AGRESIÓN SIMPLES—REBAJA DE LA PENA IMPUESTA POR EL TRIBUNAL SENTENCIADOR.—Cuando un padre se opone a que su hijo lleve relaciones con una mujer, el cual emplea palabras insultantes para con su padre, de 56 años de edad, sin que conste que sea decrépito, y éste cogiendo un palo, pero al parecer sin levantarlo. se dirige hacia su hijo, y éste le pega con un paraguas, aunque estos hechos no constituyen el delito de acometimiento y agresión con circunstancias agravantes, sin embargo, justifican una sentencia condenatoria de acometimiento y agresión simples, por no haber prueba que demuestre que el hijo actuara en defensa propia, pudiendo este tribunal rebajar la pena impuesta por la corte sentenciadora.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Abogado del apelante: *Sr. Adrián Agosto.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En la denuncia presentada en este caso se alegaron sustancialmente los siguientes hechos:

"Corte Municipal de San Juan, P. R. Estados Unidos de América. El Presidente de los Estados Unidos. *El Pueblo de Puerto Rico* v. *Francisco Aguilar.* Yo, Tomás Hernández, P. I., No. 390, vecino de San Juan, P. R., calle de San Francisco No. 60, de 23 años de edad formulo denuncia contra Francisco Aguilar por el delito de acometimiento y agresión con circunstancias agravantes, cometido de la manera siguiente: Que en diciembre 20, 1912, hora 7 p. m., y en la calle de Rafael Cordero No. 1, del Distrito Judicial Municipal de San Juan, P. R., el acusado Francisco Aguilar, que es un varón adulto, maliciosa, ilegal y voluntariamente y con el deliberado propósito de causarle grave daño corporal acometió a su padre que es un anciano de

sesenta años de edad llamado Isidro Aguilar, pegándole con un paraguas, causándole una herida de tres centímetros en la región frontal izquierda, según lo acredita la certificación facultativa que se acompaña.''

Alega el apelante que la denuncia es deficiente en tanto en cuanto la misma parece haberse formulado de conformidad con el párrafo 4°. del artículo 6, de la ley de marzo 10, 1904. Este artículo y su apartado dicen lo siguiente:

''Sección 6.—Todo acometimiento y agresión será considerado con circunstancias agravantes en los siguientos casos:

    ❊    ❊    ❊    ❊    ❊    ❊    ❊

''4. Cuando se cometiere por una persona robusta y de fuerzas corporales en la de un anciano o decrépito.''

En la denuncia no se alegó que el acusado era una persona de constitución robusta, sino meramente que es un adulto. Tampoco se expresa en ella que el denunciante fuera de edad o decrépito y sí únicamente que era un anciano de 60 años. No todo joven es robusto como tampoco está decrépito todo hombre de 60 años.

Aun cuando no se formuló ninguna objección a la denuncia ante la corte inferior, no podría siquiera alegarse que estas cuestiones quedaron subsanadas por la prueba. No se probó de modo alguno que el acusado fuera una persona robusta. En cuanto a la edad del denunciante, solamente se probó que tenía 56 años.

Un paraguas no constituye por sí un instrumento mortal, ni es de la especie descrita como foete, azote o bastón con el cual pueda inferirse deshonra a la persona agredida. Por consiguiente, tal como se ha formulado la denuncia, el caso no está comprendido en las disposiciones contenidas en los apartados 6°. y 8°. de dicha sección, los cuales son como sigue:

''6. Cuando el instrumento o los medios que se emplearen fueren tales, que infirieren deshonra a la persona agredida, como acometimiento y agresión con foete, azote o·bastón.

\*     \*     \*     \*     \*     \*     \*

"8. Cuando se cometiere con armas mortíferas en circunstancias que no revistiesen la intención de matar o mutilar."

En ciertos casos un paraguas podría hacer las veces de bastón, lo que no resulta de las pruebas presentadas en este caso, y particularmente porque el referido paraguas lo llevaba el acusado por causalidad y no con la intención de pegar a su padre con él.

El Fiscal, por el contrario, no funda sus alegaciones en los párrafos 4, 6 u 8, sino en el 9º., que dice:

"9. Cuando se cometiere con intención premeditada para el fin calculado de inferir graves heridas corporales."

Dudamos que un paraguas corriente constituya un "medio o instrumento calculado con el fin de inferir grave daño corporal." Puede que sea un medio para inferir un grave daño, así como el que podría causarse dando un golpe a una persona con el puño cerrado o de un puntapié, pero no creemos que por el mero hecho de que con un paraguas se infiera o pueda inferirse tal daño, esto hace que el uso del mismo esté comprendido en el espíritu del estatuto.

Además, aun cuando hubiera dudas acerca de la suficiencia de la denuncia, la prueba presentada de la comisión de un delito de acometimiento y agresión con circunstancias agravantes fué muy deficiente.

El denunciante refirió la forma en que se oponía a las relaciones de su hijo con cierta joven, manifestando también que mientras él, el padre, se encontraba un día durmiendo, se despertó al oir las palabras insultantes que le dirigía su hijo; que entonces el testigo regañó a su hijo, diciéndole: "Muchacho ¿qué estás hablando?", a lo que el hijo replicó: "Yo soy tan hombre como V."; el padre entonces cogió un palito y se fué encima de su hijo con él pero no lo llegó a usar ni le dió con el mismo, porque al llegar su hijo le tiró al testigo en la cabeza con el paraguas. De un examen de

toda la prueba resulta algo dudoso el hecho de si el padre real y positivamente levantó el palito para dar con él, pero no existe duda alguna en cuanto a haber cogido dicho palito y dirigídose con él hacia donde se encontraba su hijo. El hijo era un adulto, e indudablemente que debió haber evitado agolpear a su padre, pero no vemos que hubiera existido el designio premeditado de inferir un gran daño corporal, así como tampoco ninguna otra circunstancia que constituyera en grave el acometimiento. Al padre no le gustaba la ·elección que había hecho su hijo, éste no quería a su madrastra y cada una de estas mujeres tomó parte en los sucesos que dieron origen al acometimiento.

Como no vemos en los autos nada que demuestre que el hijo obrara bajo el temor de un hombre razonable de recibir gran daño corporal, y especialmente tratándose de su padre, no encontramos justificado el golpe inferido, y por tanto somos de opinión de que se cometió un delito de acometimiento y agresión simple, por lo que modificamos la sentencia apelada e imponemos al acusado una multa de $50, o en su defecto prisión, a razón de un día por cada dólar que dejare de satisfacer.

*Confirmada la sentencia, pero modificándola rebajando la pena impuesta.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.