El Pueblo Demandante y Apelado *v.* Girón, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Mayagüez, en causa por delito contra la justicia pública.

No. 1104.—Resuelto en marzo 19, 1917.

Justicia Pública—Acometimiento y Agresión—Acusación Suficiente.—Es suficiente una acusación por delito contra la justicia pública, infracción del artículo 138 del Código Penal, en que se alega que el acusado, siendo un funcionario público, detective de la Policía Insular, oficial encargado del mantenimiento de la paz y en el ejercicio de su cargo, voluntaria y criminalmente, so color de autoridad y sin causa legal para ello, acometió y agredió a una determinada persona.

Id.—Incongruencia entre la Acusación y la Prueba—Res Gestae.—En el presente caso se alegó que existía desacuerdo entre las alegaciones de la

acusación y la prueba introducida, por alegarse en aquélla que la supuesta agresión tuvo lugar en el café, mientras que algunas de las pruebas que se trataron de presentar se referían a hechos ocurridos en la calle, en frente del café. *Se resolvió:* que como la primera pelea que se alega tuvo lugar dentro del café y todos los sucesos subsiguientes demostrados en evidencia estaban tan relacionados moral y materialmente, propiamente puede considerarse que los sucesos ocurridos en la calle forman parte de los hechos del caso (*res gestae*).

ID.—POLICÍAS INSULARES—SO COLOR DE AUTORIDAD.—En este caso un detective de la Policía Insular de servicio (el acusado), otro detective y un capitán, se hallaban sentados juntos en un café discutiendo un incidente ocurrido entre un hombre y dos detectives. Cerca de ellos estaba el denunciante quien oyó por casualidad la discusión que sostenían y se dirigió hacia ellos en forma algo imprudente diciéndoles que no tenían derecho a hablar así de aquel hombre, que no estaba presente, y que no harían eso si él hubiera estado allí. El segundo de los detectives se levantó y golpeó al denunciante, surgiendo una pelea e inmediatamente también se levantó el acusado y golpeó al denunciante en la cabeza mientras se ordenaba el arresto de este último. Muy pocos minutos después y ya en la calle el denunciante, quien había sido arrestado por otro policía, salieron del café ambos detectives, el segundo de ellos profiriendo malas palabras y gritando ''al cuartel con él, con macana limpia'' mientras el acusado volvió a golpear al denunciante a pesar de que éste protestaba ir tranquilo al cuartel. Resultó claro de la prueba que el carácter oficial de todos los policías que intervinieron era conocido del denunciante así como de todas las demás personas que estaban en el café. *Se resolvió:* que los funcionarios de la policía actuaron so color de autoridad.

ID.—INTENCIÓN DEL LEGISLADOR—MAL USO DE AUTORIDAD.—Una de las ideas que tuvo presente la Legislatura al poner en vigor el artículo 138 del Código Penal, fué la de proteger a los ciudadanos contra aquellos funcionarios que hacen mal uso de su autoridad.

ACUSACIÓN—EXCEPCIÓN PERENTORIA—FALTA DE EXPRESARSE ANTE QUÉ FUNCIONARIO FUERON JURAMENTADOS LOS TESTIGOS—DEFECTOS DE FORMA—ABUSO DE DISCRECIÓN.—Una objeción a la acusación por no expresarse en ella ante qué funcionario fueron juramentados los testigos debe hacerse antes del juicio, de conformidad con el artículo 152 del Código de Enjuiciamiento Criminal, pues una vez que el acusado la ha excepcionado o puesto reparos a ella, se entiende que renuncia a cualquier defecto que pueda existir en el juramento de los testigos; y una negativa de la corte a permitir a un acusado que retire su contestación para promover una cuestión de forma como ésta no será revisada en apelación a menos que se demuestre claramente que ha habido abuso de discreción. La objeción hecha durante el juicio es tardía.

CONOCIMIENTO JUDICIAL—POLICÍA INSULAR—FIRMA DEL JEFE.—Los tribunales pueden tomar conocimiento judicial de la firma del Jefe de la Policía Insular.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Felíu & Alemañy.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

En su octavo señalamiento de error el apelante ataca la acusación que ha sido formulada en este caso, la cual es como sigue:

"El Fiscal formula acusación contra Cosme Girón, por un delito contra la justicia pública, infracción al artículo 138 del Código Penal, *misdemeanor,* cometido como sigue: El citado acusado Cosme Girón, siendo un funcionario público, detective, P. I., oficial encargado del mantenimiento de la paz en Puerto Rico y en el ejercicio de su cargo, allá en horas comprendidas en la noche del 21 de abril de 1916, y en el café 'La Palma,' de la ciudad y municipio de Mayagüez, P. R., territorio de la Corte de Distrito del Distrito Judicial de Mayagüez, P. R., voluntaria y criminalmente, so color de autoridad y sin causa legal para ello, acometió y agredió con un instrumento contundente a Augusto Bishoff, agolpeándolo y causándole lesiones de carácter grave en la cabeza."

Alega el apelante que las palabras "so color de autoridad" son de naturaleza tan general, que no es suficiente con que la acusación siga las palabras del estatuto si en ella no se expresan más detalladamente los hechos. El artículo 138 del Código Penal dispone que:

"Todo funcionario público que so color de autoridad y sin causa legítima, acometiere, agraviare, oprimiere o golpeare a alguna persona, incurrirá en multa máxima de cinco mil (5,000) dollars y cárcel por un término máximo de cinco años."

Si el texto del estatuto fuera "cualquier persona que acometa," etc., una acusación en que meramente se dijera "so color de autoridad" sería insuficiente por no mostrar el carácter de la autoridad. Si en la acusación simplemente se hubiera descrito al acusado como un "funcionario público," sin dar más detalles, podría ser objeto de excepción previa, pero nada de esto se ha hecho. Expresa la acusación que el acusado es un detective de la Policía Insular, en el ejercicio de su cargo y por tanto es suficiente.

El apelante presentó en el juicio una moción para que se

le permitiera retirar su contestación y oponerse a la acusación por no expresarse en ella ante qué funcionario fueron juramentados los testigos y se alega como primer señalamiento de error la desestimación de dicha moción.  Dicha objeción debe hacerse antes del juicio, de conformidad con el artículo 152 del Código de Enjuiciamiento Criminal.  Los artículos 145 al 153 determinan el procedimiento que debe seguirse para que sea desestimada la acusación.  Cuando un acusado excepciona o pone reparo a una acusación, dicho acusado renuncia a cualquier defecto que pueda existir en el juramento de los testigos y la negativa de una corte a permitir que un acusado retire su contestación para promover una cuestión de forma como ésta no será revisada por este tribunal a no ser que se demuestre claramente que ha habido abuso de discreción.  La objeción hecha durante el juicio es demasiado tarde.  Esta cuestión fué promovida ante el Juez Asociado Sr. Wolf en el caso de *Habeas corpus de Eduardo R. S. Bonar,* y resuelta en contra del peticionario en abril 3, 1916.  Véase el Tomo III, No. 2 de la Revista de Legislación y Jurisprudencia de la Asociación de Abogados de Puerto Rico, página 91 (1916).

El segundo señalamiento de error fué, en efecto, que la corte no tenía derecho a tomar conocimiento judicial de la firma del Jefe de la Policía.  El Jefe de la Policía de acuerdo con los artículos 7 y 17 de las Leyes de Policía, desempeña un papel, en lo que respecta a la policía, muy parecido al del Superintendente de Elecciones con relación a los funcionarios de elecciones, y hemos resuelto recientemente que las cortes pueden tomar conocimiento judicial de la firma de un superintendente.  *El Pueblo* v. *Almodóvar,* 23 D. P. R. 756.

Los señalamientos tercero, cuarto, quinto y sexto, se refieren todos a la misma cuestión, o sea, que las alegaciones de la acusación y la prueba introducida estaban en desacuerdo, puesto que en la acusación se alega que el supuesto ataque tuvo lugar en el café "La Palma," mientras que algunas de las pruebas que se trató de presentar se referían a hechos ocu-

rridos en la calle, en frente de dicho café. La primera pelea que se alega, tuvo lugar dentro del café y todos los sucesos subsiguientes demostrados en evidencia estaban tan relacionados moral y materialmente, que propiamente puede considerarse que los sucesos ocurridos en la calle forman parte de los hechos del caso (*res gestae*).

Se alegan algunos otros señalamientos de error, pero el único importante era el que envolvía la cuestión de si el acusado en realidad de verdad actuaba "so color de autoridad." Esta es la cuestión de más importancia en el caso, la que requiere que se haga un examen de la prueba y una discusión más detenida.

En el café "La Palma" de Mayagüez en la noche del 21 al 22 de abril, 1916, el apelante, que es un detective de la Policía Insular de servicio en Mayagüez, el detective de la Policía Suárez, de San Juan, y el Capitán de la Policía Ramón Fernández Náter, se hallaban sentados juntos en el café "La Palma" discutiendo un incidente ocurrido a Remotty en el que Suárez y quizás si alguno de los otros habían tomado parte durante el día en su carácter oficial. Remotty, según parece, era objeto de una investigación o había sido denunciado por jugar a lo prohibido. El denunciante Bishoff que estaba sentado en una mesa cercana, oyó por casualidad la discusión y en forma algo imprudente se dirigió a la mesa donde estaban reunidos los policías y detectives y les dijo que ellos no tenían derecho a hablar así de Remotty que no estaba presente y que no harían eso si estuviera allí Remotty.

Según la prueba la corte estuvo justificada en creer que aunque fué cierto que se encontró un revólver en poder del denunciante, éste no lo sacó fuera, como también en la conclusión de que no hubo más provocación por parte de dicho denunciante hacia los policías que se encontraban allí sentados alrededor de la mesa que la que hemos mencionado. La prueba tendió a mostrar que debido a esta provocación se levantó el detective Suárez y golpeó a Bishoff. Tal vez surgió una inmediata pelea, declarando Bishoff que él tomó una ac-

titud de defensa. Casi inmediatamente se levantó el acusado y la prueba tendió a establecer que el acusado golpeó a Bishoff en la cabeza. Hacia el mismo tiempo Suárez empezó a ordenar el arresto de Bishoff, según la declaración de este último. El policía Suárez, a quien ha de distinguirse del detective, fué por allí y se le ordenó que arrestara a Bishoff. Muy pocos minutos después el policía Suárez y Bishoff estaban en la calle cuando ambos detectives Suárez y Girón, salieron del café. Suárez profiriendo malas palabras y sorprendiéndose de que el denunciante estuviera allí todavía, gritó "al cuartel con él, con macana limpia." Durante todo este tiempo Girón al parecer no dijo una palabra sino que actuaba. La prueba es suficiente en lo que respecta al hecho de haber Girón golpeado a Bishoff tanto dentro como fuera del café, a pesar de que el último protestaba constantemente que iría tranquilo al cuartel. Resultó claro de la prueba que el carácter oficial de todos los policías era conocido de Bishoff así como de todos los demás en el café. En el juicio el apelante fundó en parte su defensa en el hecho de que Bishoff usó malas palabras y observó una actitud amenazadora para con los funcionarios de la policía, pero ésta no es la defensa principal y debemos descansar en la conclusión a que llegó la corte inferior en cuanto al particular, y a otros menos importantes, como por ejemplo, a si Girón usó o no la macana. Girón declaró que se levantó únicamente para separar a los dos hombres y proteger al detective Suárez, pues Bishoff era un hombre más fuerte que Suárez; pero esta alegación fué también resuelta en la conclusión general de la corte.

La cuestión principal es un poco más difícil, a saber, si Girón actuaba so color de autoridad, o puramente con carácter particular. Girón, Suárez y el capitán de la policía eran todos funcionarios de orden público. Se hallaban discutiendo asuntos de la policía. Claramente que estaban resentidos por la censura de Bishoff y lo que se desprende de la prueba es que ellos lo golpearon sin mediar la debida provocación. Girón no dió el primer golpe, pero golpeó a Bishoff en el café y

siguió haciéndolo luego. Esta es alguna prueba para demostrar que aun cuando los funcionarios de la policía al principio no hubieran tenido la intención de proceder a hacer un arresto, actuaron, sin embargo, como policías más bien que como ciudadanos particulares. Es muy difícil para un funcionario de orden público eludir en todas las ocasiones su obligación y sus deberes como tal funcionario de la paz y a la vez su responsabilidad. En la ley común y bajo los estatutos se exige a dicho funcionario de la paz que haga un arresto siempre que vea que se comete un delito. Su carácter oficial va con su persona y toda persona que le ofrezca resistencia lo hace asumiendo las consecuencias.

Al usar el estatuto las palabras "so color de autoridad" sencillamente puede significar también menos que la autoridad completa. El apelante alega que la frase "color de autoridad" con frecuencia implica pretensión de autoridad; puede también significar otras cosas. Color de derecho y color de título implican muy frecuentemente algo menos que el derecho o el título. Que las palabras "color de autoridad" no están limitadas a pretensión de autoridad, es cosa que se infiere del estatuto mismo, puesto que dice "Todo funcionario público." No se trata de una persona particular que pretende ser un funcionario. Para el público un policía u oficial de la policía está casi invariablemente revestido de una autoridad aparente (*color of authority*). Cualquier medida que adopte tiene la tendencia de vencer la resistencia. Un oficial de la policía, como la experiencia enseña, puede hacer un número de cosas sin responsabilidad ninguna para él; algunos policías hacen alarde de esta autoridad y creemos que así sucedió con el acusado en este caso. En otras palabras, no creemos que este ataque, ya por parte de Girón o de Suárez hubiera tenido lugar si ninguno de los policías hubiere creído que estaba protegido por su cargo de policía. Considerada toda la prueba creemos que la corte tenía derecho a suponer que el acusado procedió en forma que no hubiera procedido si no hubiera sido un policía, y por tanto que actuaba

so color de autoridad; hacemos esta consideración prescindiendo de la cuestión de si quedó o no establecido por la prueba el hecho de que él trataba de hacer un arresto. Creemos que una de las ideas que tuvo presente la Legislatura al poner en vigor el artículo 138 fué proteger a los ciudadanos contra aquellos funcionarios que hacen alarde de su autoridad.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.