EL PUEBLO, DEMANDANTE Y APELADO, *v.* SUÁREZ, ACUSADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez
en causa por delito contra la justicia pública.

No. 1112.—Resuelto en mayo 7, 1917.

POLICÍA INSULAR—CERTIFICACIÓN DEL JEFE—DETECTIVES.—Una certificación expe-
dida por el Coronel de la Policía Insular, expresiva de que el acusado era
un detective en determinado momento, es suficiente para demostrar la exis-
tencia de tal hecho.

ID.—DETECTIVES EN USO DE LICENCIA—FACULTADES INHERENTES A SU CARGO—
ARRESTO.—Un detective en uso de licencia, se encuentra en actitud para
verificar un arresto por un delito cometido en su presencia. Por razón de
la licencia, no cesa el detective de serlo y continúa teniendo las facultades
inherentes a su cargo.

JUSTICIA PÚBLICA—ACOMETIMIENTO Y AGRESIÓN SO COLOR DE AUTORIDAD.—Cons-
tituye delito contra la justicia pública conforme al artículo 138 del Código
Penal, y no acometimiento y agresión, el hecho de acometer un detective en
el pleno ejercicio de su cargo, so color de autoridad y sin causa legal para
ello, a un ciudadano particular, dándole una bofetada en el rostro.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Francisco Parra Capó.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del
tribunal.

Se condenó al apelante a sufrir seis meses de cárcel como
autor del delito contra la justicia pública previsto y casti-
gado en el artículo 138 del Código Penal. La acusación, en
lo pertinente, dice: "El citado acusado Florencio R. Suá-
rez, siendo un funcionario público, detective, P. I., oficial en-
cargado del mantenimiento de la paz en Puerto Rico, y en
el ejercicio de su cargo, allá en horas comprendidas en la
noche del 21 al 22 de abril de 1916, y en el café 'La Palma,'
de la ciudad y municipio de Mayagüez, P. R., territorio de
la corte de distrito del distrito judicial de Mayagüez, P. R.,
voluntaria y criminalmente, so color de autoridad y sin causa
legal para ello, acometió y agredió a Augusto Bishoff, agol-
peándole, o sea dándole una bofetada en la cara." Y la ley
citada es como sigue: "Todo funcionario público que so co-

lor de autoridad y sin causa legítima, acometiere, agraviare, oprimiere o golpeare a alguna persona, incurrirá en multa máxima de cinco mil ($5,000) dollars y cárcel por un término máximo de cinco años.''

En su alegato el apelante sostiene que no habiendo demostrado la evidencia practicada en el acto del juicio que usara, abusara o hiciera alarde de la autoridad que pudiera tener en ese momento, si alguna tenía, la corte de distrito erró al declararlo culpable del delito que le imputó el Fiscal.

Argumentando ese error sostiene el apelante que la certificación expedida por el coronel de la Policía Insular presentada a los efectos de demostrar que el acusado era un detective en el momento en que ocurrieron los sucesos, no es válida.    Esta misma cuestión fué resuelta en sentido contrario a la contención del apelante, en el caso del *Pueblo* v. *Girón,* (pág. 36).

Sostiene también el apelante que aun reconociendo validez a la certificación indicada, no demuestra el carácter de funcionario público del acusado, porque de la misma certificación resulta que se hallaba en el momento en que ocurrieron los hechos consignados en la acusación, en uso de licencia, sin sueldo.  Resolviendo esta cuestión, la corte de distrito, sostuvo con razón, a nuestro juicio, ''que un detective aun cuando está con licencia, se encuentra en actitud para verificar un arresto por un delito cometido en su presencia,'' esto es, que por razón de la licencia no cesa el detective de serlo y continúa teniendo las facultades inherentes a su cargo.  Además, según demostró la prueba de testigos, el acusado era conocido y tenido como policía por las personas que se hallaban presentes en el lugar del suceso.

Y sostiene por último el apelante que aunque se concluyera que el acusado era un detective en el pleno ejercicio de su cargo, no actuó como tal en relación con el perjudicado, sino como un individuo particular, siendo a lo sumo responsable de un delito de acometimiento y agresión.

Cuando esta cuestión le fué presentada a la corte de distrito por medio de una moción de non suit, la corte dijo:

"Resulta de la evidencia, que el acusado, junto con el Capitán de la Policía, el Sr. Fernández Náter, y otro detective Cosme Girón, se encontraban el día o la noche de autos en el café 'La Palma,' de esta ciudad, conversando, y que el perjudicado, el Sr. Bishoff, se encontraba en el mismo café, y que él oyó la conversación habida entre los miembros de la policía y se dirigió hacia ellos, en una forma más o menos inconveniente, y entonces Suárez se levantó de su sitio y se dirigió al Sr. Bishoff y le decía substancialmente que no permitía su intervención en los asuntos de ellos y entonces le dió con el puño en la cara. Si el Sr. Bishoff luego fué arrestado o no, no aparece de la evidencia. Ahora la corte opina, que no es necesario que un detective anuncie que va a arrestar a una persona o que va a verificar cualquier acto con relación de su cargo, que no es necesario el anunciar públicamente que él es un detective o enseñe expresamente su placa para que se considere que él obre bajo o so color de su autoridad. Resulta de la prueba que el acusado era perfectamente conocido por las personas que se encontraban en el café 'La Palma,' como un detective, y también resulta de la prueba que los hechos ocurrieron en un sitio público. Ahora en estas circunstancias opina la corte que no es permitido a la defensa hacer la deducción de que el acusado obraba como un particular y en un caso particular entre él y el Sr. Bishoff, cuando también cabe perfectamente la deducción que obró como un funcionario público, como un detective de la policía insular, interviniendo en un caso o accidente que él pudiera entender constituía una falta de respeto a la policía, y una alteración de la paz, o que la situación era una en que se consideraba que había inminente peligro de una alteración de la paz pública. No es el acusado el que puede resolver la cuestión si obró so color de autoridad o no, sino que esto debe resultar probado o no después de una consideración de toda la evidencia en el caso. Por esos fundamentos la corte desestima la moción de non suit."

Las pruebas sostienen las conclusiones de la corte y basta examinar esas conclusiones a la luz de la doctrina establecida y de las consideraciones hechas en el caso de *El Pueblo* v. *Girón, supra,* para concluir que no se ha cometido el error alegado por el apelante.

Poseído de su autoridad, el acusado creyó que podía cas-

tigar inmediatamente por sí mismo al que se atrevía a criticarlo. Al levantarse de su asiento y dirigirse a Bishoff, lo hizo como detective. Bishoff mismo declara, que cuando él se dirigió de palabra a la mesa del café en donde estaban el capitán y los policías, el policía Suárez dijo a su jefe: "Capitán, ¿le doy una galleta a ese hombre?" Y que sin esperar la respuesta se levantó y le acometió dándole una bofetada en el rostro. La autoridad de que le había investido el gobierno, la usó este funcionario público para acometer a un ciudadano particular, y debe sufrir el castigo fijado por la ley para tales transgresiones.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.