EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SATURNINO ROSALÍ, acusado y apelante.

No. 2650.—*Visto:* Marzo 10, 1926. *Resuelto:* Abril 30, 1926.

1. ACOMETIMIENTO Y AGRESIÓN—RESPONSABILIDAD CRIMINAL—PROCESO Y CASTIGO —DENUNCIA SUFICIENTE—EXPRESIÓN DEL ELEMENTO AGRAVANTE.—Una denuncia por acometimiento y agresión grave que expresa que el agresor—acu-

sado—es un *hombre* parece imputar suficientemente el elemento agravante que surge cuando la agresión se comete por ''un *varón adulto* en la persona de una mujer.''

2. ''INDICTMENT'' Y ACUSACIÓN—RENUNCIA DE DEFECTOS Y OBJECIONES, Y SUBSANACIÓN POR VEREDICTO—SUBSANACIÓN DE DEFECTOS POR LA PRUEBA.—Si en denuncia por acometimiento y agresión grave se expresa que el agresor —acusado—es un *hombre,* y la prueba demuestra que el acusado es un *varón adulto,* en ausencia de objeción, el defecto queda subsanado por la prueba.

3. ''INDICTMENT'' Y ACUSACIÓN—RENUNCIA (*Waiver*) DE DEFECTOS Y OBJECIONES, Y SUBSANACIÓN (*Aider*) POR VEREDICTO—SUBSANACIÓN DE DEFECTOS POR LA SENTENCIA.—Cuando la prueba no se agrega a los autos de apelación pero la sentencia declara al acusado culpable de acometimiento y agresión grave, debe inferirse de dicha sentencia que el elemento agravante, si hubo algún defecto en la denuncia, fué así subsanado.

SENTENCIA de *Angel Acosta Quintero,* J. (Ponce), condenando al acusado por delito de acometimiento y agresión con circunstancias agravantes, con costas. *Confirmada.*

*Miguel Bahamonde,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Se alega haberse cometido error porque si bien la denuncia imputa un delito de acometimiento y agresión no muestra, sin embargo, ninguna de las circunstancias agravantes enumeradas en la Ley de marzo 10, 1904, Leyes de la Sesión, página 42. El apelante fué declarado culpable por un delito de acometimiento y agresión con circunstancias agravantes y condenado a sufrir un año de cárcel. Pasamos a transcribir la denuncia en su parte substancial:

''Yo Balbino Crespo, Gda. P. I. No. 523, vecino de Yauco, P. R., calle de Comercio, número 3, mayor de edad, formulo denuncia contra Saturnino Rosalí, por delito de acometimiento y agresión grave, cometido de la manera siguiente: Que en 1 de junio 6:45 p. m., de 1925, y en calle '25 de julio,' de Yauco P. R., dentro del Distrito Judicial Municipal de Yauco, P. R., que forma parte del Distrito Judicial de Ponce, P. R., el acusado Saturnino Rosalí, allí y entonces, ilegal, voluntaria y maliciosamente, a sabiendas y con intención criminal de causar grave daño corporal, acometió y agredió a la

Sra. Cornelia Acosta, pegándole con el cabo de un revólver en la frente ocasionándole una contusión. Esto en el momento que la Sra. López trataba de alcanzar un chiquillo que estaba en la calle cuando Rosalí disparaba su revólver. El agravante consiste en que el agresor es un hombre, robusto de fuerzas corporales y usó un arma para agredir a una Sra. de bastante edad. Hecho contrario a la ley. Esta denuncia la juro por datos obtenidos en investigación practicada.''

No consta de los autos que se haya hecho ninguna objeción o excepcionado la denuncia y el fiscal de esta corte sostiene o alega que en apelación sólo pueden levantarse cuestiones privilegiadas y que como no se incorporó ninguna prueba en el legajo de la sentencia surge la presunción de que cualquier omisión de un elemento de agravante quedó subsanada por el juicio y la sentencia.

[1] Haciendo referencia al caso de *Pueblo* v. *Zambrana,* 18 D.P.R. 758, el fiscal duda si decir en un caso de acometimiento y agresión que el acusado era un hombre, imputa suficientemente el elemento agravante que surge cuando la agresión se comete por ''un varón adulto en la persona de una mujer...'' Leyes de 1904, p. 42. Sin embargo, la palabra ''hombre'' significa un varón adulto y la acusación era suficiente.

[2] Estamos dispuestos, sin embargo, a seguir la sugestión del fiscal y resolver, aun cuando la palabra ''hombre'' no significaba necesariamente un varón adulto, que si tal palabra se empleó y la prueba demostró que el acusado era un varón adulto, en ausencia de objeción, el defecto quedó subsanado por la prueba. Esto fué indicado por nosotros en *Pueblo* v. *Aguilar,* 19 D.P.R. 1074.

[3] La prueba no fué agregada a los autos y de la sentencia debemos inferir que el elemento agravante, si hubo algún defecto en la denuncia, fué así subsanado.

*La sentencia debe ser confirmada.*