EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* DÁMASO MARCANO, acusado y apelante.

Núm. 9596.—*Sometido:* Noviembre 6, 1942. *Resuelto:* Diciembre 14, 1942.

*Francisco González, Jr.*, abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar*, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Dámaso Marcano fué denunciado por Aida Alberty ante la Corte Municipal de Fajardo de un delito de infracción al artículo 138 del Código Penal que dispone que "Todo funcionario público que so color de autoridad y sin causa legítima, acometiere, agraviare, oprimiere o golpeare a alguna persona, incurrirá en multa máxima de cinco mil dólares y cárcel por un término máximo de cinco años." La denuncia, en lo pertinente, dice así:

"... Que en 4 de agosto 8:35 p.m. de 1941, y en la calle Goyco de Naguabo del Distrito Judicial Municipal de Fajardo, P. R., que forma parte del Distrito Judicial de Humacao, P. R., el acusado de referencia, Dámaso Marcano, policía insular, allí y entonces, ilegal, voluntaria y maliciosamente, y siendo un funcionario público, y so color de autoridad, y sin causa legítima, acometió a la denunciante, agarrándola fuertemente por los brazos, y dándole una bofetada en la cara."

En grado de apelación la Corte de Distrito de Humacao declaró al acusado culpable del delito de acometimiento y agresión grave y le condenó a pagar una multa de $10 y a cumplir treinta días de cárcel. No conforme el acusado entabló el presente recurso de apelación y, antes de discutir los errores que señala, alega, como privilegiada, la excepción perentoria de que los hechos alegados en la denuncia no son constitutivos del delito imputado, basándose en que no se especifica que el acusado estuviera, en el momento en que actuó, *en el ejercicio de su cargo.* No tiene razón, a nuestro juicio, porque si bien en el caso de *El Pueblo* v. *Girón,* 25 D.P.R. 36, citado por el apelante, se resolvió que era suficiente

la denuncia porque contenía dicha frase, no implica esto que la denuncia en el caso de autos no sea suficiente porque no la contenga. Por el contrario èn la denuncia se hace constar que el acusado, policía insular y siendo un funcionario público y so color de autoridad y sin causa legítima acometió a la denunciante. Estas palabras siguen las del estatuto y son suficientes. Es más, en el caso de *El Pueblo* v. *Suárez,* 25 D.P.R. 214, se resolvió que aún cuando un detective esté con licencia puede cometer este delito ya que "por razón de la licencia no cesa el detective de serlo y continúa teniendo las facultades inherentes a su cargo".

■ Hay otra cuestión previa que debemos resolver antes de entrar a considerar los errores señalados.

En la vista oral celebrada ante esta Corte Suprema el fiscal argumentó el caso como uno de acometimiento y agresión grave y, en efecto, como hemos dicho antes, de ese delito fué que la corte inferior declaró culpable al acusado. El abogado del apelante, que no fué el mismo que intervino en la corte inferior y preparó el alegato en apelación levantó entonces la cuestión de que la sentencia era nula debido a que la corte inferior no podía declarar culpable al acusado de un delito no imputado en la denuncia. La cuestión puede levantarse por primera vez en apelación, pues la corte inferior hubiera carecido de jurisdicción para dictar la sentencia recurrida si el delito no estuviera comprendido en la denuncia. *Ex parte Thomas,* 12 D.P.R. 367, 370.

■■ El artículo 286 del Código de Enjuiciamiento Criminal, en su primer párrafo dispone lo siguiente:

"El jurado podrá declarar al acusado culpable de la comisión de cualquier delito necesariamente comprendido en el delito imputádole, o de tentativa de cometerlo."

Aún cuando este precepto ha sido interpretado y aplicado en distintos casos en ninguno de ellos estaba envuelta la situación de hechos del presente.

Todo acto ilegal de inferir algún daño violento en la persona de algún semejante con la intención de causarle daño, cualesquiera que sean los medios o el grado de violencia que se emplearen, constituye el delito de acometimiento y agresión. Sección 1, ley de mayo 10 de 1904. Y habiéndose imputado al acusado el hecho de haber acometido a la denunciante agarrándola fuertemente por los brazos y dándole una bofetada en la cara, no tenemos duda de que el delito de acometimiento y agresión está necesariamente comprendido en el de infracción al artículo 138 del Código Penal de que fué denunciado el acusado. Los elementos esenciales del delito imputado al acusado son (1) su actuación como funcionario público so color de autoridad y sin causa legítima, y (2) el acometimiento y agresión. Si la corte quedó convencida que el acusado no actuó como tal funcionario público y so color de autoridad, pero sí que acometió y agredió a la denunciante, estaba justificada en declararlo culpable de este delito. El acometimiento y agresión estaba necesariamente comprendido en los hechos imputados.

Habiéndose alegado en la denuncia que el acusado es un policía insular y estando ella firmada y jurada por Aida Alberty, una mujer, el delito de acometimiento y agresión grave de que fué convicto el acusado estaba comprendido en sus términos. Tomamos conocimiento judicial de que para ser admitido a la fuerza de la policía insular se requiere tener de veintiuno a cuarenta años de edad (Ley de marzo 12, 1908), siendo el acusado, por tanto, un varón adulto. En el juicio se probó que el acusado era un policía insular y en cuanto al hecho de que la denunciante es una mujer no hay controversia. c/f *Pueblo* v. *Rosalí*, 35 D.P.R. 428.

■ El apelante alega en los errores que señala en su alegato, que la sentencia dictada es contraria a la prueba. Hemos leído detenidamente las declaraciones de los testigos de una y otra parte y estamos convencidos que la corte inferior no erró al apreciar dicha prueba dando crédito a la de cargo

que demostró que el acusado, un policía insular, en la sala de su casa agarró por los brazos y luego abofeteó a la denunciante.

*Debe confirmarse la sentencia recurrida.*

El Juez Asociado Señor Snyder no intervino.