EL PUEBLO DE PUERTO RICO, demandante y apelado, *v*. AGRIPINO PEDROSA, acusado y apelante.

Núm. 10347.—*Sometido:* Febrero 3, 1944. *Resuelto:* Marzo 6, 1944.

*Federico E. Virella,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El apelante fué declarado culpable ante la corte de distrito por una infracción al artículo 138 del Código Penal. Dicho artículo castiga al funcionario público que acometiere a alguna persona "so color de autoridad y sin causa legítima" para ello.

El apelante sostiene que la corte inferior cometió error al pesar la prueba. La prueba del Pueblo fué al efecto de que el acusado vino al frente de la casa de Josefina Segarra, donde su hijo, Mario Pérez, estaba parado conversando con otra persona; que el acusado le preguntó a Pérez si él era Mario Pérez; que cuando éste le contestó afirmativamente, el acusado lo agarró y empezó a golpearlo con su macana; que cuando le gritó a su madre que lo atacaban, ésta salió de la casa para ver lo que pasaba; que en vez

de contestar a las preguntas que la madre le hacía, el acusado también la agredió con la macana.

La prueba del acusado tendió a demostrar que fué al sitio del suceso con el fin de arrestar a Mario Pérez, donde se le abofeteó y agredió; que tuvo necesidad de usar su macana; y que cuando la señora Segarra trató de intervenir en ayuda de su hijo, el acusado la golpeó incidentalmente.

Alega el apelante que el fiscal no demostró que el acusado era un funcionario público y que actuaba en el desempeño de su deber al momento de ocurrir el episodio en cuestión. Por tanto, el apelante afirma que a lo sumo era culpable de acometimiento y agresión.

La contestación categórica a esta contención del acusado la encontramos en la propia declaración de éste sobre el propósito de sus gestiones en el sitio del suceso. Además, la prueba de los testigos del Pueblo era suficiente para justificar la convicción, toda vez que declararon que "el acusado era conocido y tenido como policía por las personas que se hallaban presentes en el lugar del suceso" (*Pueblo v. Suárez*, 25 D.P.R. 214, 215).

La única otra cuestión sustancial levantada por el apelante fué que se le privó de su derecho constitucional de asistencia de abogado toda vez que la corte de distrito negó al suyo suficiente oportunidad para realizar una investigación del caso y preparar una defensa.

Los hechos sobre este punto son que el caso ya había sido suspendido cuatro veces a solicitud del abogado del acusado; que cuando se llamó el caso, el abogado Federico E. Virella anunció a la corte que comparecía en representación del abogado de récord para informar a la corte que este último no podía comparecer debido a que tenía un hijo enfermo y porque tenía "una serie de casos en la corte de Caguas". El abogado Virella solicitó una suspensión hasta nuevo señalamiento diciendo que "Si el caso tal vez hubiese sido llamado más temprano posiblemente nosotros hubiése-

mos asumido la representación del acusado, pero también tenemos que hemos pospuesto para las 2 de la tarde un caso en la Corte de Caguas y este caso difícilmente nosotros... ".

Lo corte inferior declaró sin lugar la moción de suspensión y continuó el juicio, representando al acusado el abogado Virella. Éste presentó una vigorosa defensa, y trajo algunos testigos que declararon a favor del acusado. Asimismo es significativo indicar que el abogado Virella ha representado también al acusado en este recurso de apelación.

En diversas ocasiones hemos dicho que no existe regla que pueda ser aplicada automática e inflexiblemente a tales casos. Cada uno depende de sus hechos y circunstancias peculiares. Los hechos del presente caso no nos dejan duda alguna de que al acusado no se le privó de su derecho constitucional de asistencia de abogado (*Véase Morales* v. *Saldaña,* resuelto en febrero 9 de 1944, (ante, pág. 59.)

*La sentencia de la corte de distrito será confirmada.*