EL PUEBLO, DEMANDANTE Y APELADO, *v.* PETROVICH ET AL.,
ACUSADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Distrito Segundo, en causa por escalamiento en segundo
grado.

No. 2089.—Resuelto en febrero 15, 1924.

ESCALAMIENTO EN SEGUNDO GRADO—DENUNCIA SUFICIENTE—ALEGATO.—En el pre-
sente caso se alega que una denuncia por escalamiento en segundo grado no
determina delito público. *Se resolvió:* que en ausencia de una adecuada dis-
cusión o cita de autoridades por parte del apelante el Tribunal Supremo no
examinará con un microscopio judicial denuncias presentadas en una corte
municipal por un policía o un ciudadano particular, cuando no aparezca ha-
berse cometido alguna injusticia material.

Los hechos están expresados en la opinión.
Abogado de los apelantes: *Sr. J. B. Soto.*
Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

Los apelantes fueron convictos de un delito de escala-
miento en segundo grado, primero en la corte municipal,
y luego, después de un juicio *de novo,* en la corte de distrito,
en virtud de denuncia presentada por un jefe de distrito de
la policía.

Ahora insisten en que la denuncia no determina un delito
público.

Las únicas autoridades que se citan en apoyo de esta
contención son 4 R. C. L. pág. 432, sec. 25, *id.* pág. 435, sec.
27, y 4 Cal. Jurisprudence, pág. 728, sec. 14, en relación
con el artículo 408 del Código Penal.

El artículo 408 define el escalamiento y enumera los edi-
ficios, construcciones, embarcaciones y vehículos con rela-
ción a los cuales puede cometerse el delito. El texto citado
de Ruling Case Law expresa la regla general de que debe
alegarse a quién pertenece el edificio y que éste debe descri-
birse ''con certeza suficiente para informar al acusado del
giro que ha de tomar la prueba que va a presentarse contra

él, y también para que aparezca afirmativamente que el edificio en cuestión es de tal naturaleza que la entrada en él constituye escalamiento.''

El lenguaje de la compilación de California es que ''el edificio debe describirse tan completamente como sea necesario para informar al acusado de cuál es la construcción específica a que se le acusa de haber entrado y para hacer posible una alegación de haber sido expuesto anteriormente por el mismo delito y existir una condena o absolución anterior, en caso de que se le procese por segunda vez por el mismo delito.''

La denuncia especifica el ''establecimiento comercial de F. Alvarez & Hermanos,'' situado en determinada calle en el pueblo de Río Piedras, dentro del distrito judicial.

Pero los apelantes sostienen que la denuncia debiera decir si ''Alvarez & Hermanos'' es una corporación o una sociedad y además enumerar los socios o accionistas con el fin de excluir la teoría de cualquier participación de los apelantes en la propiedad. Las autoridades invocadas, sin embargo, no parecen ir tan lejos como se pretende.

Quizá es de más peso la contención de que las palabras ''establecimiento comercial'' no establecen ''afirmativamente que el edificio en cuestión es de tal naturaleza que la entrada en él constituye escalamiento.''

Pero, como hemos indicado repetidas veces, no podemos emprender la investigación independiente de cuestiones más o menos dudosas sometidas por un apelante sin una adecuada discusión ni cita de autoridades. Esto es particularmente cierto en un caso de esta naturaleza si se considera la igualmente bien establecida regla de que esta corte no examinará con un microscopio judicial denuncias presentadas en una corte municipal por un policía o un ciudadano particular, cuando no aparezca haberse cometido alguna injusticia material.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Franco Soto.