El Pueblo de Puerto Rico, demandante y apelado, *v.* Diego Gibson, acusado y apelante.

Núm. 6281.—*Sometido:* Marzo 9, 1937. *Resuelto:* Marzo 12, 1937.

*Felipe Colón Díaz,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA emitió la opinión del tribunal.

Diego Gibson, declarado culpable de un delito de portar armas, y condenado a cumplir la pena de un mes de cárcel y las costas, apela de la sentencia dictada, alegando como base fundamental de su recurso que la Corte Municipal de Ponce, donde se vió originalmente este caso, al igual que la Corte de Distrito de Ponce, donde se vió en grado de apelación, no tenían jurisdicción para conocer del mismo, de acuerdo con los hechos expuestos en la denuncia, que copiada literalmente dice así:

"Corte de Paz de Peñuelas, Puerto Rico.—Estados Unidos de América, El Presidente de los Estados Unidos, ss: El Pueblo de Puerto Rico v. Diego J. Gibson, res. Ponce, Calle Industrial 45, Ponce. Yo, Erasmo Gotay, P. I. No. 380, vecino de Peñuelas, P. R., calle de Cementerio número_____, mayor de edad, formulo denuncia contra Diego J. Gibson, por delito de Portar Armas Prohibidas, cometido de la manera siguiente: Que en 12 de mayo de 1935, 4:00 P. M. y en barrio Tallaboa, de Peñuelas, P. R., del Juzgado de Paz de Peñuelas, P. R., que forma parte del Distrito Judicial Municipal de Ponce, P. R., y a su vez de la Corte de Distrito Judicial de Ponce, P. R., el referido acusado Diego J. Gibson, allí y entonces, voluntaria, ilegal y maliciosamente portaba y conducía sobre su persona un *black jack,* instrumento de material duro, forrado de cuero, que

es un arma o instrumento capaz de producir daño corporal que le fué ocupado y se entrega a la Corte como evidencia. Hecho contrario a la ley para tal caso hecha y prevista, y contra la paz y dignidad del Pueblo de Puerto Rico. (Fdo.) Erasmo Gotay, P. I. No. 380, denunciante. Jurada ante mí hoy día 27 de mayo de 1935. (Fdo.) J. H. López Jr., Juez de Paz de Peñuelas.''

Arguye el acusado que la denuncia fué presentada en la Corte de Paz de Peñuelas y que en la misma se dice que el delito imputado se cometió ''en el barrio Tallaboa, del juzgado de paz de Peñuelas, que forma parte del distrito judicial municipal de Ponce, P. R., y a su vez de la Corte de Distrito del Distrito Judicial de Ponce, P. R.'' Entiende la defensa que la denuncia tal y como está redactada concede jurisdicción a la Corte de Paz de Peñuelas y no a la Corte Municipal de Ponce, de acuerdo con el artículo 71 del Código de Enjuiciamiento Criminal, según el cual la acusación deberá contener el título de la acción, especificando el nombre del tribunal ante el cual ha sido presentada y los nombres de los interesados.

Peñuelas está comprendido dentro del distrito judicial municipal de Ponce, y tiene a su vez un juzgado de paz.

Parece que el denunciante, Policía Insular, juró la denuncia ante el Juez de Paz de Peñuelas, utilizando para ello un formulario de los usados para denuncias ante la corte de paz. Esta denuncia fué la que sirvió de base a la Corte Municipal de Ponce para juzgar originalmente al acusado declarándolo culpable del delito en la misma imputado.

Es verdad que existe el error apuntado por la defensa en el encabezamiento de la denuncia y que en el cuerpo de la misma se habla del Juzgado de Paz de Peñuelas, que forma parte del Distrito Judicial Municipal de Ponce; pero como cuestión de hecho, nada demuestra que la causa fuese presentada para ser juzgada por la Corte de Paz de Peñuelas, y por el contrario resulta evidente que la denuncia donde en realidad se presentó fué en la Corte Municipal de Ponce. No aparece tampoco que el acusado llamara la atención de la

corte municipal sobre el referido defecto ni que planteara la cuestión ante la Corte de Distrito de Ponce. El error pudo haber sido subsanado fácilmente si se hubiese llamado oportunamente la atención del tribunal que conoció originalmente del caso. El encabezamiento no es una parte esencial de la acusación y si se demuestra que el tribunal llamado a juzgar al acusado recibió la denuncia y procedió a celebrar el juicio, no creemos que se haya incurrido en un error que justifique la revocación de la sentencia.

Dice Joyce, en su obra sobre "Indictments", artículos 161 y 162, páginas 180, 181:

"Aunque puede decirse generalmente que el encabezamiento (*caption*) debe demostrar que la acusación fué sometida a una corte que tenía jurisdicción, y aunque los casos más antiguos sostienen que una omisión de tal hecho es fatal, sin embargo, prevalece la regla de que aunque el encabezamiento deje de demostrar la jurisdicción, la acusación debe considerarse suficiente si de otra parte de los autos surge que la acusación fué sometida a otra corte que tenía jurisdicción. De modo que la acusación no resulta viciada por una descripción errónea de la corte en el encabezamiento cuando los autos que acompañan esa acusación demuestran que la corte tenía jurisdicción. Y aunque el encabezamiento dé un nombre incorrecto a la corte, sin embargo, puesto que el mismo no forma parte de la acusación, una objeción basada en la omisión debe desestimarse cuando aparezca de los autos que la acusación fué sometida a una corte de cuya existencia judicial puede tomarse conocimiento. Se ha decidido que la designación de la corte en el encabezamiento como 'Corte de Distrito de los Estados Unidos', en lugar de del distrito o del territorio, es a lo sumo un error técnico o clerical que no vicia la acusación. También se ha decidido que la omisión de la palabra 'corte' en el encabezamiento de una acusación, carece de importancia cuando los autos demuestran cuál fué la corte a la cual se sometió la acusación."

"Un encabezamiento que es defectuoso porque no demuestra que fué enviado a una corte que tenía jurisdicción, puede ser posteriormente enmendado por la corte para suplir la omisión. Y se ha decidido que una enmienda de esta naturaleza puede hacerse en cualquier tiempo. En un antiguo caso de Carolina del Sur se sostuvo que la corte actuó correctamente concediendo permiso, después de una convicción para enmendar el encabezamiento de modo que demostrara que la sentencia fué dictada por una corte especial."

██ Ninguna acusación es insuficiente, ni puede el juicio u otro procedimiento cualquiera que sobre ella se base ser afectado a causa de algún defecto o imperfección de forma, siempre que tal defecto o imperfección no tienda en lo esencial a perjudicar los derechos del acusado. Artículo 83, Código de Enjuiciamiento Criminal.

██ Entendemos que la jurisdicción se determina por los hechos relatados en el cuerpo de la denuncia, que en este caso nos parecen suficientemente claros.

██ Se alega además que la corte inferior cometió error al admitir en evidencia el instrumento presentado por el fiscal como un arma prohibida y que la sentencia es contraria a los hechos y a la ley. A nuestro juicio, no se han cometido los errores señalados. El tribunal inferior examinó la prueba, tuvo bajo su inspección el arma y declaró culpable al acusado. Aunque el apelante nos dice en su alegato que solicitó que el instrumento considerado como arma prohibida fuese elevado a este tribunal, la verdad es que el mismo no ha llegado a nosotros y que en estas condiciones debemos presumir que la corte inferior, que vió el arma y apreció la prueba, actuó correctamente al establecer sus conclusiones.

*Debe confirmarse la sentencia apelada.*