*La sentencia de la corte de distrito será confirmada.*

EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* VÍCTOR MALAVÉ, acusado y apelante.

Núm. 10,799.—*Sometido:* Marzo 6, 1945. *Resuelto:* Marzo 13, 1945.

*Luis M. Pagán,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal. .

Ésta es una apelación contra sentencia declarando convicto al acusado de acometimiento y agresión grave. El récord no contiene la transcripción de evidencia, pero el apelante levanta dos cuestiones de derecho.

El acusado sostiene primeramente que la denuncia no alega la circunstancia agravante exigida por la ley del 10 de marzo de 1904, que sustituyó al artículo 237 del Código Penal. (Código Penal, ed. 1937, págs. 155-7). La denuncia alega que el acometimiento en este caso se perpetró "con la macana". Es innecesario que consideremos la cuestión de si tal instrumento cae dentro de los términos del inciso 6 del artículo 6 de la ley de 1904.([1])   Esto es así porque la denuncia sigue alegando, entre otras cosas, que el acusado le fracturó el cráneo al denunciante. Es obvio que esto es suficiente para cumplir con el inciso 7 del artículo 6. Dicho inciso provee que el acometimiento será considerado con circunstancias agravantes "cuando se infiere una herida grave a la persona agredida".

La segunda cuestión levantada por el acusado es al efecto de que, en vista de que la denuncia lo describe como "Víctor Malavé, P. I. Núm. 1350", no podía acusársele de acometimiento y agresión grave. Su contención, en síntesis, es que un policía insular nunca puede ser procesado por acometimiento y agresión, debiendo ser procesado, si acaso, bajo el artículo 138 del Código Penal.([2])   Admite que el

---

([1])Dicho inciso dispone que el acometimiento y agresión será considerado con circunstancias agravantes "cuando el instrumento o los medios que se emplearen fueren tales, que infirieren deshonra a la persona agredida, como acometimiento y agresión con foete, azote o bastón".

([2])Dicho artículo lee como sigue: "Todo funcionario público que so color de autoridad y sin causa legítima, acometiere, agraviare, oprimiere o golpeare a alguna persona, incurrirá en multa máxima de cinco mil (5,000) dólares y cárcel por un término de cinco años".

delito de acometimiento y agresión necesariamente está incluído dentro del delito expuesto en el artículo 138. (*Pueblo* v. *Marcano*, 61 D.P.R. 143). Pero afirma que un policía debe ser *siempre* procesado bajo el artículo 138 porque, según su criterio, las defensas a su alcance bajo este último artículo son más amplias que aquellas que pudiera interponer contra una denuncia de acometimiento y agresión. Ésta es una contención frívola. Un policía es un miembro de la comunidad igual que cualquiera otra persona. Si él ataca a un individuo en condiciones tales que no pueda establecerse que lo hizo so color de autoridad como tal policía, no queda inmune por ello de recibir el castigo que determina la ley para el delito menor de acometimiento y agresión grave. Siendo la denuncia en este caso por acometimiento y agresión grave únicamente, la alegación hecha en la denuncia de que él es un policía insular es meramente de carácter descriptiva.

*La sentencia de la corte de distrito será confirmada.*

El Juez Asociado Sr. De Jesús no intervino.