EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
ANTONIO TIRADO, acusado y apelante.

Núm. 12563.—*Sometido:* Febrero 17, 1948. *Resuelto:* Febrero 27, 1948.

*A. Fernández Sánchez,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Manuel Vergne Roig formuló ante la Corte Municipal de San Lorenzo una denuncia contra Antonio Tirado por infracción del artículo 138 del Código Penal. En ella se alega que Tirado "voluntaria y maliciosamente, siendo un funcionario público (policía insular) encargado del mantenimiento del orden público, so color de autoridad, y sin causa legítima para ello, me acometió y agredió con la macana, dándome un macanazo en la frente que me dejó sin conocimiento, ocasionándome una fuerte contusión en la frente." Declarado convicto por la Corte Municipal, el acusado apeló para ante la de Distrito de Humacao donde, celebrado un juicio *de novo,* se dictó sentencia en su contra, imponiéndole $50 de multa y un mes de cárcel.

En el alegato presentado en apoyo de su recurso insiste el apelante en primer lugar en que la corte inferior cometió error al desestimar su excepción perentoria al efecto de que los hechos tal y como se alegan en la denuncia no constituyen delito por el cual pueda procesársele. Al discutir este error sostiene que los elementos esenciales del delito definido por el artículo 138 del Código Penal[1] son (1) que el acusado sea un funcionario público; (2) que haya actuado so color de autoridad, y (3) sin necesidad legal. Admite que en este caso se ha cumplido con los dos primeros requisitos exigidos por ese artículo, pero sostiene que en cuanto al tercero la denuncia resulta ser insuficiente, toda vez que en lugar de alegar que el acusado actuó "sin necesidad legal", se imputa en ella que lo hizo "sin causa legítima", teniendo a su juicio dichas frases alcances enteramente distintos. Insiste además en que, prevaleciendo el texto in-

[1] El artículo 138 del Código Penal provee:

"Todo funcionario público que so color de autoridad y sin causa legítima, acometiere, agraviare, oprimiere o golpeare a alguna persona, incurrirá en multa máxima de cinco mil (5,000) dólares y cárcel por un término máximo de cinco años."

glés del Código Penal, la frase "sin necesidad legal" resulta ser una traducción más fiel de las palabras *without lawful necessity* de la versión inglesa del referido artículo.(²)

 Estamos de acuerdo en que de conformidad con la Ley núm. 8 de 12 de noviembre de 1917, (Vol. II, pág. 211, artículo 13 del Código Civil, Ed. de 1930) debe prevalecer la versión inglesa sobre la castellana del Código Penal. Sin embargo, aunque las palabras "sin necesidad legal" es posible que se ajusten más al contexto inglés, la frase "sin causa legítima" que aparece en la versión castellana es tan similar a ellas que tiene sin duda el mismo alcance que aquéllas. En la denuncia se sostiene, repetimos, que el acusado "siendo un funcionario público . . . so color de autoridad, y sin causa legítima para ello" acometió y agredió al denunciante. En nuestra opinión ella cumple sustancialmente con el estatuto. Véanse *Pueblo* v. *Pedrosa,* 63 D.P.R. 228; *Pueblo* v. *Torres,* 62 D.P.R. 47, y *Pueblo* v. *Girón,* 25 D.P.R. 36. *Cf. Pueblo* v. *Avilés,* 66 D.P.R. 290. Además no creemos que el mero hecho de alegarse en la denuncia que la agresión se realizó "sin causa legítima", en vez de alegarse que fué "sin necesidad legal" afecte ningún derecho sustancial del acusado, y tratándose de una denuncia formulada por un lego no debemos examinar ésta con la minuciosidad que lo hacemos cuando se trata de acusaciones formuladas por el ministerio público. Artículo 83, Código de Enjuiciamiento Criminal; *Pueblo* v. *Gibson,* 51 D.P.R. 120, 124; *Pueblo* v. *Cruz,* 53 D.P.R. 531 y *Pueblo* v. *Petrovitch,* 32 D.P.R. 767.

 También sostiene el acusado que la Corte de Distrito de Humacao erró al declarar sin lugar su moción solicitando se redujera el delito a acometimiento y agresión.

(²) El artículo 138 del Código Penal, en el idioma inglés, dispone:

"Every public officer who, under color of authority, without lawful necessity, assaults, wrongs, oppresses or beats any person, is punishable by fine not exceeding five thousand (5,000) dollars, and imprisonment in the jail not exceeding five years."

Es incuestionable que dentro del delito definido por el artículo 138 de nuestro Código Penal está incluído el de acometimiento y agresión. *Pueblo* v. *Malavé*, 64 D.P.R. 659; y *Pueblo* v. *Marcano*, 61 D.P.R. 143, 146. Empero, cuando como en este caso la prueba tiende a demostrar todas las características del delito a que se hace referencia en el artículo 138, supra, la corte no comete error al negarse a rebajar la calificación del mismo a acometimiento y agresión. Al discutir este error el acusado alega principalmente que no quedó probado que él fuera un policía insular en el momento en que agredió al denunciante Vergne Roig. Discrepamos. Una somera lectura de la transcripción de evidencia nos convence de que los testigos de cargo Manuel Vergne Roig, Antonio Carrasquillo y Alejandro Aramburu, así como los de la defensa Evangelista Ortiz Alicea, Juan Castro, Felipe Díaz Torres y Luis M. Jackson, declararon repetidamente que Antonio Tirado era un policía insular, debidamente uniformado, en el momento en que agredió con su macana al denunciante.

■ Finalmente alega el acusado que el tribunal inferior erró al declararle culpable sin haberse probado, fuera de toda duda razonable, los elementos sustanciales del delito imputado.

La prueba de El Pueblo tendió a demostrar que el día 11 de marzo de 1946, entre 5 y 6 de la tarde, hubo una pelea dentro de un cafetín llamado "El Lirio" que queda frente a la plaza del pueblo de Juncos, entre Juan Antonio Palóu y Manuel Vergne Roig de un lado y Manuel Aponte y su hijo de otro; que cuando esa riña había terminado y Vergne Roig se hallaba en la calle, cerca del cafetín, llegaron los policías Felipe Díaz Torres y Antonio Tirado; que este último le dijo al denunciante "Usted está arrestado" y sin que el denunciante protestara en forma alguna o agrediera al acusado, éste levantó la macana y le dió con ella en la cabeza. La de la defensa fué al efecto de que luego de ocurrida la riña dentro del cafetín y mientras Vergne Roig es-

taba en la calle y se limpiaba con un pañuelo la sangre que tenía junto a la boca, debido a un golpe recibido, llegaron los policías Díaz Torres y Tirado; que cuando Tirado se le acercó a Vergne Roig para arrestarlo, éste lo insultó y le agredió con el puño en el pecho; y que para repeler la agresión Tirado se vió precisado a hacer uso de su macana.

La prueba aducida fué incuestionablemente contradictoria, pero la discrepancia existente entre las declaraciones de los testigos de El Pueblo y los de la defensa fué dirimida por la corte inferior. Ella era la llamada a hacerlo y una lectura de la transcripción de evidencia nos convence de que tal prueba fué suficiente para dejar establecidos todos los elementos del delito y para declarar, por ende, al acusado culpable de una infracción del artículo 138 del Código Penal. No se nos ha convencido, además, de que en su apreciación de la prueba la corte de distrito cometiera manifiesto error o actuara movida por pasión, prejuicio o parcialidad. *Pueblo* v. *Santos Altieri*, 67 D.P.R. 650.

*Debe confirmarse la sentencia apelada.*