EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JACINTO NEVÁREZ VIRELLA, acusado y apelante.

*Número:* CR-72-26      *Resuelto:* 8 de enero de 1973

*Ángel L. Tapia Flores* y *F. Ariel Aviles Rodríguez,* abogados del apelante; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Federico Rodríguez Gelpí, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Arrestado en 28 de febrero de 1970 mediante orden expedida por el Tribunal Superior, Sala de Bayamón, de 26 de febrero de 1970, para responder del cargo que se le hace de "haberle vendido Bebidas Alchs. a un agente de Rentas Internas en ocasiones" (Art. 108(e), Ley 143 de 30 de junio de 1969, 13 L.P.R.A. sec. 6108(e)), el fiscal formuló acusación en contra del apelante en 31 de marzo de 1970 por ". . . Infr. a la Ley de Bebidas, Misdemeanor," consistente de dos cargos, uno de "tenía [tener] en su poder y a su disposición, bebidas conteniendo alcohón [*sic*] sin haber pagado los correspondientes impuestos al Tesoro de Puerto Rico." El segundo cargo consistía de que "tenía en su poder y a su disposición para la venta al detal, bebidas alcohólicas sin haber pagado los correspondientes impuestos al Tesoro de Puerto Rico." Se leyó la acusación en 5 de mayo de 1970 y se señaló el 8 de junio de 1970 para el acto del juicio el cual fue pospuesto a petición del apelante para el 29 de dicho mes y año.

El día de la vista del caso el fiscal solicitó enmendar la acusación en dos aspectos. El día 1ro. de julio de 1970 el fiscal solicitó permiso y el tribunal se lo concedió para radicar una acusación enmendada la cual se radicó ese mismo día. Dicha acusación enmendada consta de dos cargos. El primero alega que el día 9 de febrero de 1970 el apelante "tenía en su poder, a su disposición y vendió bebidas alcohólicas consistentes de dos cajas de cervezas, sin haber pagado los correspondientes impuestos al Tesoro de Puerto Rico." El segundo cargo alega que el 13 de febrero de 1970 el apelante "tenía en su poder, a su disposición y vendió bebidas alcohólicas consistentes en cuatro cajas de cervezas, sin haber pagado los correspondientes impuestos al Tesoro de Puerto Rico." Luego de la lectura de la acusación así enmendada, se señaló el juicio para el 4 de agosto de 1970. El 10 de julio de 1970 el apelante radicó moción de desestimación en que alegó que la acusación enmendada viola las Reglas 64(c), 64(n)(2), 64(p), y 52 de las de Procedimiento Criminal. El tribunal de instancia denegó dicha moción. Luego de una posposición adicional, el juicio en este caso se celebró en 18 de noviembre de 1970. El apelante fue declarado culpable de las dos infracciones a la Ley de Bebidas y se le impuso una multa de $100 en cada uno de los cargos o un día de cárcel por cada dólar que deje de satisfacer, hasta un máximo de 90 días de cárcel.

La prueba fue resumida por el Procurador General, así:

"Los agentes de Rentas Internas Jacobo Zabala y Carlos Molina, según la prueba de cargo, le compraron en la tarde del 9 de febrero de 1970 al acusado unas cajas de cerveza procedente de las tiendas del Ejército. Esta transacción se llevó a cabo a la salida del Fuerte Buchanan en la Calle Roma de la Urbanización colindante. Los agentes no conocían al acusado pero tenían confidencia de que este tipo de negocios se hacía en el área. Los agentes estaban parados al lado de su vehículo cuando el acusado se aproximó en el suyo y les ofreció venderle la cerveza. Los agentes le compraron, previo regateo de precio. El acusado sacó las cajas de cerveza del baúl de su carro y se consumó la transacción.

Transacción similar y en el mismo lugar ocurrió el 13 de febrero de 1970." (En esta segunda transacción participaron los agentes Zabala y Ruiz Hernández. Este último no pudo testificar porque no se incluyó como testigo en la acusación.)

La prueba de la defensa, en síntesis, consistió en que transacciones de venta de cerveza entre el apelante y Zabala se llevaron a cabo dentro del Campamento Buchanan en 9 de febrero (dos cajas de cerveza) y en 13 de febrero (4 cajas).

Los errores apuntados por el apelante carecen de mérito. A continuación nos explicamos.

■ 1.—Alega el apelante que el tribunal de instancia incidió al juzgarle por dos violaciones a la Ley de Bebidas cuando el segundo cargo estaba basado en una denuncia nula e ineficaz ya que violaba las Reglas 5 y 64 (c) de las de Procedimiento Criminal pues el denunciante Carlos Medina Santana no es la persona que firmó la denuncia ni aparece como testigo.

La denuncia en cuestión no aparece en el récord del caso. Pero nos informa el Procurador General que dicha denuncia aparece firmada por Jacobo Zabala Núñez ante un juez de paz, acompañada de una declaración jurada sobre los hechos, prestada por Zabala ante el referido juez. Tiene razón el Procurador General al informarnos, en relación con estas circunstancias, que:

". . . La denuncia contenía suficiente exposición de hechos, fechas y personas para dejar claramente establecido su propósito en ley. La firma del denunciante y su carácter como tal constan en el documento. Una declaración jurada del denunciante relatando los hechos la acompaña. Se sigue, pues, que constaron ante el juez todos los preliminares necesarios del caso. El aparecer otro nombre como denunciante en el epígrafe es un error de forma que no confunde ni altera la sustancia de las cosas. Al calce de la denuncia consta también que el Juez de Paz examinó al testigo denunciante. No apunta, pues, una sola circunstancia en la denuncia que viole los derechos del denunciado. Alegarlo es un artificio ya repudiado por la jurisprudencia de este Honorable

Tribunal y también por la Regla 36 de Procedimiento Criminal. *Pueblo* v. *Gibson,* 51 D.P.R. 120 (1937); *Pueblo* v. *Tirado,* 68 D.P.R. 289 (1948); *Pueblo* v. *Cupril,* 57 D.P.R. 117 (1940)."

2.—Apunta el apelante que la acusación enmendada que alega delitos de venta y no de posesión como la original viola la Regla 64(n)(2) de las de Procedimiento Criminal pues fue radicada más de 60 días después del arresto del apelante.

██ No tiene razón. La primera acusación se radicó dentro de los 60 días del arresto. Se autorizó la enmienda de dicha acusación de acuerdo con lo dispuesto en la Regla 38(c) de las de Procedimiento Criminal. El apelante no ha sufrido perjuicio alguno con tal motivo ya que a petición suya se pospuso la vista del caso para el 29 de junio de 1970 cuando el fiscal obtuvo permiso para radicar y radicó la acusación enmendada y entonces se volvió a posponer la vista del caso para una fecha posterior. Nótese que la Regla 66 de las de Procedimiento Criminal permite la radicación de una nueva acusación en armonía con la determinación de causa probable. *Pueblo* v. *Ortiz Díaz,* 95 D.P.R. 244 (1967). En *People* v. *Cryder,* 202 P.2d 765 (Cal. D.C. App. 1949), se resolvió que bajo la Sec. 1382 del Código Penal, cuando una acusación es radicada dentro de los 15 días del arresto, la enmienda de la misma para alegar otro delito que se desprende de la evidencia en la vista preliminar no da lugar a la desestimación de la misma porque la acusación enmendada se radicó más de 15 días después del arresto. La Sec. 1382 del Código Penal de California es la fuente de nuestra Regla 64(n)(2), excepto que el período prescrito es más corto, 15 días bajo dicha sección en lugar de los 60 días prescrito por la referida Regla.

3.—Arguye el apelante que fue convicto a base de evidencia insuficiente e intrínsecamente increíble e inverosímil.

En apoyo de este apuntamiento sostiene que a los fines de realizar la primera venta a los dos agentes de rentas internas a quienes no conocía y vio por primera vez, el apelante ". . . *tiene que desviarse de una calle principal y entrar en*

*una secundaria para dar con ellos. Que ellos estaban de espalda al Acusado y él tuvo que dirigirse a ellos para ofrecerles la cerveza* (T.E. p. 38). *Que ellos no le hicieron ninguna clase de seña;* que ellos no le vieron cuando él venía porque estaban de espalda; que él se baja del auto y les ofrece las cervezas"; que "No es posible creer, por resultar realmente ilógico, que una persona que sale del campamento militar de Buchanan con una compras [*sic*] de un licor, se desvíe de su ruta principal, entre en una carretera secundaria, se detenga detrás de un vehículo detenido; se acerque a unos individuos que están de espaldas, que jamás ha visto en su vida y sin ninguna otra introducción, conversación o saludo, en una Calle solitaria, ofrezca a la venta unos artículos, en violación de la Ley, a esos individuos, que como ya hemos expresado, y así lo expresa la prueba del Pueblo, *jamás había visto en su vida.* Sólo a un tonto, o a una persona demente se le puede ocurrir una actuación de esa naturaleza. Ya esta Honorable Superioridad ha expresado, en variadas ocasiones, que los Tribunales no deben creer aquello que de ordinario ninguna persona de parecer razonable no creería, *Sanabria* vs. *Sucesión González,* 82 D.P.R. 885 (1961)." (Énfasis en el original.); que los testigos de cargo se contradijeron en cuanto a si hubo regateo en el precio de la mercancía; que Manuel Ruiz quien aparece como denunciante de la segunda venta aparece de la prueba de cargo como que no participó en esa supuesta transacción; que al agente Ruiz con quien el testigo agente Zabala dice que participó en la primera venta no se le permitió testificar porque no apareció como testigo en la acusación; que el testigo Carlos Molina Santana no aparece como testigo en ninguna denuncia. Las denuncias no aparecen en el récord. Según la prueba era costumbre que en el área fuera del Campamento Buchanan concurriera gente de fuera a comprar cigarrillos y cerveza de los que compran en dicho campamento. No es extraño ni increíble, por lo tanto, que al salir el apelante

del campamento con su compra de cerveza, buscase un cliente y al ver a los agentes en la cercanía se acercase a ofrecérsela.

■ De todos modos, la prueba demuestra que se realizaron las dos ventas de cerveza. El conflicto surgió en cuanto al lugar. La prueba de cargo lo situó fuera del campamento y la defensa lo situó dentro del campamento. Este conflicto lo dirimió el juez de instancia. Nada aparece de la prueba que justifique que intervengamos con su apreciación de la prueba.

En vista de lo expuesto, *se confirmará la sentencia dictada en este caso por el Tribunal Superior, Sala de Bayamón, en 18 de noviembre de 1970.*