Córdova Arone, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Los peticionarios de epígrafe recurren de la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (Hon. Francisco Ortiz Rivera, J.), el día 19 de junio de 1995 declarando no ha lugar una moción solicitando la supresión de evidencia en el caso que se sigue en su contra por violación al Art. 6 de la Ley de Armas, 25 L.P.R.A. see. 416 y al Artículo 168 del Código Penal de Puerto Rico, 33 L.P.R.A. see. 4274.
La evidencia ocupada en este caso fue obtenida como resultado del diligenciamiento de una orden de allanamiento que se expidió el día 26 de octubre de 1994, por la Juez Municipal, Hon. María de los *952 Angeles Ruiz. Esta orden de allanamiento tuvo como base una declaración jurada prestada por el agente Mario A. Rentero Antuna.
Según la declaración jurada del agente Rentero, el día 20 de octubre de 1994 a eso de las 10:30 a.m. se entrevistó con un informante en el estacionamiento del restaurante "Grandy's" de Ponce, Puerto Rico. Según el agente, el informante le comunicó cierta información de forma confidencial sobre un individuo conocido por "Rafa", descrito como de color negro, constitución fuerte, alto, de unos seis (6) pies de estatura, de 24 a 26 años de edad. Le dijo que "Rafa" tenía una motora Suzuki y un auto color rojo con la tablilla de la cual recordaba los últimos tres números, 718.
De acuerdo con el informante, "Rafa" vivía en el Residencial Ponce de León, bloque P., apartamento 139. Informó además que éste guardaba en su apartamento las armas que eran utilizadas para proteger el punto de drogas y que tenía alrededor de seis personas en la escalera a la entrada del apartamento y que todos ellos estaban armados para protegerlo ya que él estaba "caliente" con otras personas que son dueños de puntos de drogas de otros residenciales.
El informante le indicó al agente que de conseguir información adicional se la comunicaría.
Para corroborar esta información y siguiendo instrucciones de sus superiores, el día 23 de octubre de 1994, a eso de las 11:00 de la mañana, el agente Rentero llegó hasta la Calle Extensión Wilson en un vehículo oficial sin identificar y comenzó a observar el referido apartamento 139. Pudo percatarse de que en la escalera que daba hacia el mencionado apartamento había alrededor de cinco (5) personas de las cuales dos estaban sin camisa. Las describió como personas de color trigueño con el mismo estilo de recorte tipo boina.
Continúa la declaración del agente a los efectos de que a eso de las 11:00 a.m. observó cuando llegó un individuo en bicicleta vistiendo camisa de flores, pantalón "brown" y gorra, de tez blanca y unos cinco pies, cinco pulgadas de estatura aproximadamente. Este se bajó de la bicicleta y llegó hasta donde estaban los otros individuos en la escalera. El individuo de la bicicleta le entregó un arma niquelada a una de las personas que no tenía camisa, quien "chequeó" la misma y se la devolvió a aquél. El individuo de la bicicleta guardó el arma en su cintura.
El agente se acercó al lugar a pie, observando cuando el individuo del arma penetró en el apartamento 139. El agente Rentero se retiró del lugar convencido de que el apartamento 139 del bloque P del Residencial Ponce de León de Ponce, estaba siendo utilizado para guardar armas de fuego.
Con esta información la Juez Ruiz expidió una orden de allanamiento donde se expresó en los siguientes términos luego de describir el lugar a allanarse:

"Hallando este Juez que suscribe que en la forma expresada por el declarante, entiende que existe causa probable de que en el referido apartamento Núm. 139 del Bloque P del Residencial Ponce de León de Ponce, Puerto Rico, se está violando la Ley de Armas de Puerto Rico, y por lo tanto se ordena que durante las horas del día o de la noche proceda inmediatamente al allanamiento y registro de dicho apartamento y ocupe revólver niquelado observado por el agente Mario A. Rentero Antuna 14221 el día 23 de octubre de 1994, a las 11:05 a.m., y toda evidencia en contravención a la Ley de Armas de Puerto Rico y cualquiera otra Ley y si fuesen arrestados los traiga a mi presencia en la forma y modo que la Ley autoriza en estos casos."

A raíz de esta orden de allanamiento se ocupó la evidencia que dio margen a las acusaciones en este caso y de la cual se solicita la supresión.
Luego de celebrada la vista evidenciaría el Tribunal de Primera Instancia dictó una resolución que . estableció, inter alia:

"Escuchada la prueba desfilada, el Tribunal entiende que la declaración prestada por el agente Rentero, aportó prueba suficiente para la determinación de causa probable por parte del Juez que expidió la orden de allanamiento que se objeta en el presente caso, por lo que la moción en solicitud 
*953
de Supresión de Evidencia se declara NO HA LUGAR."

Es de esta resolución que los peticionarios recurren ante este Tribunal alegando, en síntesis, que la declaración jurada prestada por el agente no contenía los elementos necesarios que justificaran la expedición de una orden de allanamiento, por lo que a la luz de la Regla 234 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R.234, procedía la supresión de la evidencia obtenida. Se equivocan los peticionarios.
Nos corresponde estudiar en el caso de autos si la confidencia obtenida por el agente Rentero y sus observaciones posteriores en el lugar de los hechos son suficientes para obtener una orden de allanamiento de acuerdo a los criterios establecidos por las Reglas de Procedimiento Criminal y la jurisprudencia interpretativa. Veamos.
Para determinar la suficiencia y confiabilidad de una confidencia como base para obtener una orden de allanamiento se debe hacer un análisis de la totalidad de las circunstancias que rodearon el caso. Para ello deberá tomarse en consideración, entre otras cosas, los criterios indicados por nuestro Tribunal Supremo en Pueblo v. Díaz Díaz, 106 D.P.R. 348 (1977). Allí nuestro más alto foro estableció:

"El análisis de casos revela que una confidencia es suficiente para validar la existencia de causa probable si se establece la concurrencia de una o más de las siguientes circunstancias: (1) que el confidente previamente ha suministrado información correcta; (2) que la confidencia conduce hacia el criminal en términos de lugar y tiempo; (3) que la confidencia ha sido corroborada por observaciones del agente, o por información proveniente de otras fuentes; y (4) que la corroboración se relaciona con actos delictivos cometidos, o en proceso de cometerse."

En Pueblo v. Muñoz Santiago, 132 D.P.R._ (1992), 92 J.T.S. 149, se estableció que "[e]n los casos de declaraciones juradas basadas parcialmente en el testimonio de un informante anónimo, el magistrado debe ser sumamente cauteloso al expedir órdenes de registro que tomen en cuenta dicha información ya que la persona que provee la misma no está disponible para que el magistrado lo examine y pueda determinar si su testimonio merece credibilidad y es confiable".
En el caso que nos ocupa, el agente, luego de recibir la confidencia, procedió a investigar la misma percatándose de que al apartamento en cuestión entró una persona con un arma de fuego, lo que corroboraba parte de la información obtenida. Con esta información es que el agente acudió ante el magistrado para obtener la orden de allanamiento. Por la decisión del magistrado inferimos que la declaración del agente le mereció confiabilidad y suficiencia de causa probable o motivos fundados para expedir la referida orden. Nada en el alegato de los peticionarios nos lleva a considerar lo contrario.
Como bien señalara nuestro Tribunal Supremo en Pueblo v. Ortiz Alvarado, 136 D.P.R._ (1994), 94 J.T.S. 6, "[djebe tenerse presente que causa probable o motivo fundado se determina a base de criterios de probabilidad y razonabilidad. Meras sospechas no bastan; pero tampoco es necesario que el juez quede convencido, fuera de duda razonable, que se está violando la ley; ni que se establezca que la ofensa que se imputa fue verdaderamente cometida." En Pueblo v. Muñoz Santiago, supra, se dijo que "/7/a investigación policial no tiene que generar por sí misma evidencia suficiente para establecer causa probable. Es suficiente que indique la presencia de alguna actividad sospechosa del carácter sugerido en la confidencia que unido a ella y a otras alegaciones en la declaración jurada pueda razonablemente constituir causa probable." (Enfasis suplido.)
Debemos añadir que en este caso la confidencia no la hizo un informante de los que constantemente están dando información a la policía. En este caso fue un ciudadano particular quien brindó la información al agente, por lo que esa información recibe un trato jurídico distinto a aquélla provista por un informante que proviene del "medio criminal", en cuyo caso la información tendría que ser corroborada para garantizar su confiabilidad conforme a los criterios establecidos en Díaz Díaz, supra. En los casos donde la confidencia es provista por un ciudadano cooperador que ha presenciado la comisión de un delito y cumple con el deber r \ ico de informar a las autoridades sobre los hechos presenciados, esta confidencia debe presumirse confiable. Sobre este particular nos dice *954 La Fave:
"Courts are much more concerned with veracity when the source of the information is an informant from the criminal milieu rather than an average citizen who has found himself in the position of a crime victim or witness. As notice by Justice Harlan in United States v. Harris, [403 U.S. 573 (1971)], "the ordinary citizen who has never before reported a crime to the police may, in fact, be more reliable than the one who supplies information on a regular basis". 
Por otro lado, conviene puntualizar que el principio rector que guía nuestra función apelativa dispone que un tribunal de apelaciones no intervendrá con las apreciaciones de hechos que haga un tribunal de primera instancia en ausencia de error manifiesto, prejuicio, parcialidad o pasión. Pueblo v. Pellot Pérez, 121 D.P.R. 791 (1988). Son los jueces de primera instancia los que en mejor posición se encuentran para aquilatar la prueba y credibilidad de los testigos que desfilan ante ellos. Como bien señalara el Tribunal Supremo de Puerto Rico en Pueblo v. Nevárez, 101 D.P.R. 11 (1973), los juzgadores de hechos merecen respeto y confiabilidad en la solución justiciera de los conflictos, en la evidencia a recibirse y en la apreciación imparcial de la prueba.
II
No habiéndose demostrado en el caso ante nuestra consideración que el Tribunal de Primera Instancia haya actuado con prejuicio, parcialidad o pasión, ni la existencia de error manifiesto en la apreciación de la prueba desfilada en la vista de supresión de evidencia celebrada, no intervendremos con la resolución del tribunal a quo.
Por los motivos expuestos anteriormente, se deniega la expedición del auto.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 243
1. En la vista evidenciaría el agente Rentero declaró que no conocía al informante con anterioridad al día de la confidencia.
2. Wayne La Fave, Search and Seizure: A Treatise on the Fourth Amendment, 2nd ed., West Publishing Co., St. Paul (1987), Vol. 1, §3.4, pág. 713.
3. Id., pág 712.